IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| RICKY BUNCH,<br><br>Plaintiff,<br><br>v.<br><br>LARRY FUENTES, THE PIKE COMPANY, INC., WILLIAM CLERICO, FUTURE LOGISTICS SYSTEMS, LLC, and WOLVERINE OVER THE ROAD, LLC,<br><br>Defendants. | Docket No. 17542<br>JURY (12) DEMAND<br><br>**FILED**<br>DATE: 9-15 2022 TIME 1:37 PM<br>CIRCUIT COURT—CAMPBELL COUNTY<br>BOBBY W. VANN    CLERK<br><br>DEP. CLERK (D.C.) |

**COMPLAINT**

COMES NOW the plaintiff, Ricky Bunch, by and through his attorney, and files this Complaint against defendants Larry Fuentes, The Pike Company, Inc., William Clerico, Future Logistics Systems, LLC, and Wolverine Over the Road, LLC, and would show this honorable Court as follows:

### I.    PARTIES

1. Ricky Bunch ("plaintiff") is an adult resident of Richmond, Madison County, Kentucky.

2. Upon information and belief, defendant Larry Fuentes ("defendant Fuentes"), was the driver of the 2019 Chevrolet Tahoe, white in color, pulling an enclosed utility trailer, also white in color, involved in the accident at issue, and was an employee and/or agent of The Pike Company ("defendant Pike Company") at all times relevant to this action, and is an adult resident of Livingston County, New York.

EXHIBIT
A

3. Upon information and belief, Plaintiff alleges that at all times material hereto, including 16 September 2021, defendant Pike Company was the registered owner of the 2019 Chevrolet Tahoe, white in color, which was involved in the accident at issue on 16 September 2021.

4. That defendant Pike Company is a business licensed to do business in the state of New York, which may be served with process at 28 East Main Street, Ste 1400, Rochester, New York 14614.

5. That defendant Fuentes, at all times mentioned in this complaint, was in the course and scope of his employment and acting as an employee and/or agent of defendant Pike Company, such that the doctrine of *respondeat superior* applies to defendant Pike Company.

6. Upon information and belief, defendant William Clerico ("defendant Clerico"), was the driver of the 2015 International tractor-trailer, red in color, involved in the accident at issue and is an adult resident of Logan County, Ohio 43318.

7. Upon information and belief, Plaintiff alleges that at all times material hereto, including 16 September 2021, Future Logistics Systems, LLC ("defendant Future Logistics"), was the registered owner of the 2015 International truck (VIN: 3HSDJAPR2FN676336 TAG: PWM1646 OH), red in color, which was involved in the accident at issue on 16 September 2021.

8. Upon information and belief, defendant Clerico, at all times mentioned in this complaint, was in the course and scope of his employment and acting as an employee and/or agent of defendant Future Logistics such that the doctrine of *respondeat superior* applies to defendant Future Logistics.

9. Pursuant to Tennessee Rule of Civil Procedure 8.05 (2), plaintiff pleads in the alternative, and upon information and belief, defendant Clerico at all times mentioned in this complaint, was in the course and scope of his employment and acting as an employee and/or agent of Wolverine

Over the Road, LLC ("defendant Wolverine"), such that the doctrine of *respondeat superior* applies to defendant Wolverine.

10. Upon information and belief, Plaintiff alleges that defendant Future Logistics (USDOT No.: 2470017) is an interstate commercial motor carrier and a corporate entity formed in the State of Ohio, which can be served with process through its registered agent, Brenda Bondenhuevel, located at 421 E. Miami Street, De Graff, Ohio 43318.

11. Upon information and belief, Plaintiff alleges that defendant Wolverine (USDOT No.: 3659695) is an interstate commercial motor carrier and a corporate entity formed in the State of Ohio, which can be served with process through its registered agent, United States Corporation Agents, Inc., located at 411 Wolf Ledges Parkway, Ste. 201, Akron, Ohio 44311.

## II.    JURISDICTION AND VENUE

12. This cause of action arises from personal injuries and damages incurred as a result of an automobile accident in Caryville, Campbell County, Tennessee.

13. The automobile accident which forms the basis of this complaint, occurred on 16 September 2021 – thus, this suit is timely filed.

14. This honorable Court has subject matter jurisdiction over this claim and personal jurisdiction over the parties pursuant to T.C.A. 20-4-101.

## III.    FACTS

15. Plaintiff brings this action for personal injuries and damages sustained in an automobile accident that occurred on or about 16 September 2021.

16. Plaintiff alleges, upon information and belief, that defendant Fuentes, was operating the

2019 Chevrolet Tahoe, white in color, as the agent, servant, and/or employee of defendant Pike Company and/or at the direction of defendant Pike Company.

17. Plaintiff alleges, on information and belief, that defendant Clerico, was operating the 2015 International truck, red in color, as the agent, servant, and/or employee of defendant Future Logistics and/or at the direction of defendant Logistics.

18. Pursuant to Tennessee Rule of Civil Procedure 8.05 (2), plaintiff pleads in the alternative, and upon information and belief, that defendant Clerico was operating the 2015 International truck, red in color, as the agent, servant, and/or employee of defendant Wolverine and/or at the direction of defendant Wolverine.

19. That on or about 16 September 2021, plaintiff was operating his vehicle south on I-75, Caryville, Campbell County, Tennessee.

20. That on or about 16 September 2021, defendant Fuentes was operating his vehicle south on I-75, Caryville, Campbell County, Tennessee, hauling a utility trailer, directly in front of plaintiff. Defendant Fuentes lost control of the utility trailer causing it to jack-knife and detach from his vehicle in the middle of southbound traffic on I-75.

21. That plaintiff was able to come to a safe and lawful stop without making contact with the utility trailer or the vehicle driven by defendant Fuentes.

22. That defendant Clerico then approached plaintiff's vehicle from behind at speed in excess of the posted limit.

23. Prior to the impact with plaintiff, defendant Clerico was veering from the roadway to the right shoulder to pass a vehicle in the righthand lane and then back again into his previous lane of travel.

24. Defendant Clerico impacted plaintiff's vehicle with such force, it sent said vehicle

careening across the roadway, first into an embankment and then into a guardrail.

25. Due to the force of the impact, Plaintiff sustained severe and disabling damage to his person.

26. Due to the force of the impact, Plaintiff also sustained severe and disabling damage to his property

27. Defendant Clerico proceeded on to then strike the utility trailer and the Tahoe, driven by defendant Fuentes, pushing said vehicle down I-75 until they each came to an uncontrolled stop.

## IV. NEGLIGENCE OF DEFENDANTS FUENTES AND PIKE COMPANY

28. Plaintiff incorporates all previous paragraphs of this Complaint as if they were fully set forth herein in their entirety.

29. Plaintiff further relies upon § 55-10-311 and § 55-10-312 of the Tennessee Code Annotated and the doctrines of *respondeat superior* and agency and alleges that any negligence on the part of defendant Fuentes is imputed to defendant Pike Company.

30. Plaintiff charges and alleges that defendant Fuentes had a duty of due care in the operation of his vehicle and utility trailer, to exercise and maintain safe and proper control of his vehicle and utility trailer at all times, and that defendant Fuentes negligently, recklessly and wantonly failed to maintain control of his vehicle and his utility trailer on I-75, Caryville, Campbell County, Tennessee, at the same time and place stated above.

31. That the negligent, reckless, wanton and unlawful driving of defendant Fuentes was a direct and proximate cause of the accident complained of herein. Defendant Fuentes was negligent in the operation and attachment of his vehicle and the utility trailer in the following list of particulars:

a. Defendant Fuentes failed to maintain proper control of his vehicle and the utility trailer;

b. Defendant Fuentes failed to maintain a proper lane;

c. Defendant Fuentes failed to properly attach his utility trailer to his motor vehicle;

d. Defendant Fuentes knew or should have known that his trailer had become compromised while operating at interstate speeds but failed to use due and reasonable care in the operation of his vehicle and the utility trailer, so as to avoid injury to other persons using the roadway;

32. That due to the aforementioned acts of negligence, defendant Fuentes was negligent *per se* in that:

a. Defendant Fuentes drove his vehicle with willful, reckless and wanton disregard for the safety of plaintiff and others traveling in the vicinity, which constituted reckless driving, in violation of *T.C.A. §55-10-205*, and

b. Defendant Fuentes failed to maintain a proper lane, in violation of *T.C.A. §55-8-123, and*

c. Defendant Fuentes drove his vehicle without due care, in violation of *T.C.A. §55-8-136.*

33. That the negligent, reckless, wanton and unlawful driving of defendant Pike Company contributed as a direct and proximate cause of the accident complained of herein. Defendant Pike Company was negligent in the following list of particulars:

a. Defendant Pike Company failed to provide the necessary safety equipment for the utility trailer.

34. That due to the aforementioned acts of negligence, defendant Pike Company was negligent *per se* in that:

   a. Defendant Pike Company failed to provide the necessary safety equipment for the utility trailer, in violation of *T.C.A. §55-7-114.*

## V. NEGLIGENCE OF DEFENDANT CLERICO, DEFENDANT FUTURE LOGISTICS, AND IN THE ALTERNATIVE, DEFENDANT WOLVERINE

35. Pursuant to FMCSR 49 C.F.R § 390.5 defendant Future Logistics, as a motor carrier, is liable for the negligence of its employees (the definition of which specifically includes independent contractors).

36. Pursuant to Tennessee Rule of Civil Procedure 8.05 (2), plaintiff pleads in the alternative that pursuant to FMCSR 49 C.F.R § 390.5 defendant Wolverine, as a motor carrier, is liable for the negligence of its employees (the definition of which specifically includes independent contractors).

37. Plaintiff further relies upon § 55-10-311 and § 55-10-312 of the Tennessee Code Annotated and the doctrines of *respondeat superior* and agency and alleges that any negligence on the part of defendant Clerico is imputed to defendant Future Logistics.

38. Pursuant to Tennessee Rule of Civil Procedure 8.05 (2), plaintiff pleads in the alternative that plaintiff further relies upon the doctrines of *respondeat superior* and agency and alleges that any negligence on the part of defendant Clerico is imputed to defendant Wolverine.

39. Plaintiff alleges that defendant Clerico had a duty of due care in the operation of his vehicle and breached that duty with the following acts and/or omissions of common law negligence, which

were a direct and proximate cause of plaintiff's injuries and resulting damages and which acts of negligence are imputed to defendant Future Logistics, or in the alternative are imputed to defendant Wolverine, to wit:

a. Failing to use that degree of care and caution in the operation of his commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned incident;

b. Failing to maintain a safe lookout;

c. Failing to devote full time and attention to the operation of his commercial vehicle;

d. Failing to see what was there to be seen;

e. Failing to maintain control of said commercial vehicle;

f. Failing to properly maintain a record of duty status and/or daily log;

g. Following too closely behind traffic;

h. Driving too fast for traffic conditions on the roadway;

i. Using the right shoulder of the roadway to pass another vehicle on the roadway;

j. Failing to apply his brakes so as to slow his vehicle in time to avoid colliding with other vehicles;

k. Other acts and/or omissions to be shown at the trial of this cause.

40. Plaintiff alleges that defendant Clerico was in violation of the following statutes of the Tennessee Code Annotated which were in full force and effect at the time and place of the accident at issue, constituting negligence *per se*, to wit:

a. Section 55-8-136. Drivers to exercise due care

b. Section 55-10-205. Reckless driving

c. Section 55-8-117. Overtaking and passing of vehicles

d. Section 55-8-118. Overtaking and passing on the right

e. Section 55-8-123. Driving on roadways laned for traffic

f.   Section 55-8-124. Following too closely

g.   Section 55-8-197. Failure to yield right-of-way

41.    Plaintiff alleges that the defendant Clerico violated the following Ordinances of the City of Caryville, constituting negligence *per se*, to-wit:

**City of Caryville Ordinance, Sec. 15-103 – Reckless Driving.**

(1) Irrespective of the posted speed limit, no person, including operators of emergency vehicles, shall drive any vehicle in willful or wanton disregard for the safety of persons or property. (1979 Code, § 9-107)

## VI.    NEGLIGENT ENTRUSTMENT: NEGLIGENT HIRING, SUPERVISION, AND TRAINING OF DEFENDANT FUENTES BY DEFENDANT PIKE COMPANY

42.    Plaintiff incorporates all previous paragraphs of this Complaint as if they were fully set forth herein.

43.    Plaintiff alleges, upon information and belief, that defendant Pike Company, knew, or in the exercise of due diligence and reasonable inquiry, should have known of defendant Fuentes' propensity and proclivity to operate his vehicle in an illegal, unlawful, negligent and/or reckless manner, and that as such defendant Pike Company was negligent in entrusting their vehicle to defendant Fuentes on 16 September 2021.

44.    Plaintiff alleges that defendant Pike Company, is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of plaintiff's injuries and resulting damages, to wit:

(a)   Negligent training of defendant Fuentes;

(b)   Negligent supervision of defendant Fuentes;

(c)   Negligent hiring of defendant Fuentes;

   (d)    Other acts and/or omissions to be shown at the trial of this cause.

## VII. NEGLIGENT ENTRUSTMENT; NEGLIGENT HIRING, SUPERVISION, AND TRAINING OF DEFENDANT CLERICO BY DEFENDANT FUTURE LOGISTICS, OR IN THE ALTERNATIVE BY DEFENDANT WOLVERINE

45.    Plaintiff alleges, upon information and belief, that defendant Future Logistics knew, or in the exercise of due diligence and reasonable inquiry, should have known of defendant Clerico's propensity and proclivity to operate his vehicle in an illegal, unlawful, negligent and/or reckless manner, and that as such defendant Future Logistics was negligent in entrusting their vehicle to defendant Clerico on 16 September 2021.

46.    Plaintiff alleges that defendant Future Logistics committed the following acts and/or omissions of common law negligence, which were a direct and proximate cause of plaintiff's injuries and resulting damages, to wit:

   (a)    Negligent training of defendant Clerico;

   (b)    Negligent supervision of defendant Clerico;

   (c)    Negligent hiring of defendant Clerico;

   (d)    Other acts and/or omissions to be shown at the trial of this cause.

47.    Plaintiff alleges in the alternative that defendant Wolverine committed the following acts and/or omissions of common law negligence, which were a direct and proximate cause of plaintiff's injuries and resulting damages, to wit:

   (a)    Negligent training of defendant Clerico;

   (b)    Negligent supervision of defendant Clerico;

   (c)    Negligent hiring of defendant Clerico;

(d)    Other acts and/or omissions to be shown at the trial of this cause.

## VIII.    INTENTIONAL, FRAUDULENT, OR RECKLESS ACTS OR OMISSIONS

48.    Plaintiff incorporates all previous paragraphs of this Complaint as if they were fully set forth herein in their entirety.

49.    Plaintiff alleges, upon information and belief, that defendant Clerico was cited for violating the Code of Federal Regulations, Title 49 ("49 CFR"), Section 395.8(e)(1) for "False report of drivers record of duty status: False Log on 09/16/2021" following a driver/vehicle examination on 16 September 2021.

50.    Upon information and belief, defendant Clerico's driving with false report of drivers duty status and/or false log on 16 September 2021 constituted an intentional misrepresentation of then existing, material facts in order to mislead or to obtain an undue advantage, to wit, to intentionally drive his commercial vehicle for durations in excess of what was allowed by federal regulations which were in place to ensure the safety of all drivers on the roads.

51.    Upon information and belief, Defendant Clerico's intentional misrepresentations were relied upon by motorists on the roadway, including Plaintiff, who depend upon commercial drivers getting proper rest between driving stints and not driving for excessively long periods that may lead to dangerous circumstances including, but not limited to, driver fatigue, diminished alertness, and slower reaction time.

52.    Upon information and belief, Plaintiff was injured due to reliance on defendant Clerico's misrepresentation of false report of drivers record of duty status / false log on 16 September 2021.

53. Upon information and belief, defendant Clerico acted recklessly on 16 September 2021 by driving his commercial vehicle when he should have otherwise been prevented from driving for excessive lengths of time, had he properly observed federal regulations.

54. Upon information and belief, defendant Clerico acted recklessly on 16 September 2021 when he intentionally drove his commercial vehicle from the roadway, to the right shoulder, and then back to the roadway in rapid succession and without applying his brakes in time to slow his vehicle so as to avoid an accident as an ordinary person would have done.

55. Upon information and belief, defendant Clerico's failure to apply his brakes sooner while veering his vehicle out of and then back into the roadway created a substantial and unjustifiable risk of causing severe damage or harm to motorists on the road; substantial, because of the speed and weight of defendant Clerico's vehicle, and unjustifiable because defendant Clerico's vehicle was, upon information and belief, equipped with brakes that defendant could have easily and readily used to slow his vehicle sooner.

56. Defendant Clerico's actions constituted a gross deviation from the standard of care that an ordinary person would exercise under the circumstance.

57. As a direct, proximate, and foreseeable result of the intentional, fraudulent, and reckless actions of defendant Clerico, Plaintiff suffered severe bodily injuries and other associated damages.

58. Defendant Clerico is liable to Plaintiff for punitive damages in an amount to be set by the jury in its discretion and good judgment, in an amount that would deter similar behavior and actions by commercial drivers and/or motor carriers in the future, in order to create safer driving conditions for all motorists on the public roadways.

## IX. DAMAGES

1. All preceding statements and allegations of the complaint are incorporated herein and are alleged as if expressly set forth therein.

2. As set forth above, each of the defendants acted in a willful, wanton, and reckless manner which either alone or combined and concurring with the actions of the other defendant's acts of negligence, directly and proximately caused the accident and plaintiff's injuries and damages.

3. As a direct and proximate result of the above-described violations of the common law, state statutes, and city ordinances by Defendants, plaintiff sustained multiple serious injuries to his body.

4. Plaintiff has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the accident at issue.

5. Plaintiff has incurred reasonable and necessary medical expenses to treat for his bodily injuries and/or alleviate his pain and suffering and that he will continue to incur said expenses in the future.

6. Plaintiff has sustained a past, present, and future loss of quality and enjoyment of the normal pleasures of life as a result of the accident at issue.

7. Plaintiff has sustained past, present, and future lost wages and a loss of future earning capacity as a result of the accident at issue.

8. Plaintiff has sustained disabling property damage as a result of the accident at issue.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, plaintiff sues defendants in the amount of Six Million Dollars ($6,000,000.00), jointly and severally, for compensatory damages. Furthermore, plaintiff also sues defendants for punitive damages to deter misconduct like the misconduct complained of herein, in an amount to be determined by twelve honorable and good citizens of Campbell County.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully Submitted,

LAW OFFICES OF G. TURNER HOWARD III
& ASSOCIATES

_____
G. Turner Howard III (BPR # 07111)
David Peeples (BPR# 032302)
P.O. Box 51904 (PID# 186340)
5915 Casey Drive
Knoxville, TN 37950-1904
T: 865.558.8030
F: 865.584.5474
*Attorneys for Plaintiff*

## COST BOND

I, G. Turner Howard III, hereby acknowledge myself as a surety for all costs, taxes, and damages in this case in accordance with T.C.A. § 20-12-120.

        LAW OFFICES OF G. TURNER HOWARD III
        & ASSOCIATES

        _____
        G. Turner Howard III (BPR # 07111)
        David Peeples (BPR#032302)
        P.O. Box 51904 (PID# 186340)
        5915 Casey Drive
        Knoxville, TN 37950-1904
        T: 865.558.8030
        F: 865.584.5474
        *Attorneys for Plaintiff*

**FILED**
DATE: 9-15 2022 TIME 1:37 PM
CIRCUIT COURT— CAMPBELL COUNTY
BOBBY W. VANN  CLERK
_____
DEP. CLERK (D.C.)