# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

RICKY BUNCH,                          )
                                      )          Case No. 3:22-cv-364
    *Plaintiff,*                  )
                                      )          Judge Travis R. McDonough
v.                                    )
                                      )          Magistrate Judge Debra C. Poplin
LARRY FUENTES, *et al.*               )
                                      )
    *Defendants.*                 )

## MEMORANDUM OPINION

Before the Court is Plaintiff Ricky Bunch's motion to amend the complaint to add Brian

B D Transportation, Inc. ("B D Transportation") and Brian Ray Veach (collectively, "proposed

Defendants") as defendants in this action  (Doc. 21).  Plaintiff moved to join the proposed

Defendants because Defendants William Clerico and Wolverine Over the Road, LLC alleged

negligence and comparative fault by Veach in their answers.  (Doc. 21, at 1.)  The vehicle

operated by Veach was owned by motor carrier, B D Transportation, so Plaintiff believes it may

be vicariously liable for Veach's actions.  (*Id.* at 1–2.)

Tennessee Code Annotated § 20-1-119 provides:

> In civil actions where comparative fault is or becomes an issue, if a defendant
> named in an original complaint initiating a suit filed within the applicable statute
> of limitations . . . alleges in an answer or amended answer to the original or
> amended complaint that a person not a party to the suit caused or contributed to
> the injury or damage for which the plaintiff seeks recovery, . . . the plaintiff may,
> within ninety (90) days of the filing of the first answer or first amended answer
> alleging that person's fault, [a]mend the complaint to add the person as a
> defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that
> person . . . .

All Defendants have agreed to the proposed amendment.  (Doc. 22.)

However, the proposed amended complaint alleges Veach is a resident of Kentucky. (Doc. 21-1, at 3.)  Plaintiff is also a resident of Kentucky.  (Doc. 21-1, at 1.)  The Court's subject matter jurisdiction in this case was based on diversity of citizenship with an amount in controversy over $75,000, pursuant to 28 U.S.C. § 1332.  (*See* Doc. 1, at 2; Doc. 1-1, at 5–12.) "Under this provision, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant."  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005)).  Therefore, the joinder of Veach, a Kentucky resident like Plaintiff, would defeat diversity jurisdiction.  Additionally, the proposed amended complaint does not allege any claim arising under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331.  (*See* Doc. 21-1.)

This case was removed to this Court from Campbell County Circuit Court on October 14, 2022.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  This provision exists to prevent a plaintiff from single-handedly depriving the Court of jurisdiction by giving it the discretion to prohibit the joinder of non-diverse parties after removal.  *Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 942 (E.D. Ky. 2014).  Courts should consider whether, under the particular circumstances, permitting joinder would be fair and equitable and whether the purpose of the amendment is to defeat federal jurisdiction.  *Christian v. Works*, No. 3:09-CV-141, 2010 WL 1427299, at *2 (E.D. Tenn. Apr. 7, 2010); *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citing *Mayes v. Rapoport*, 198 F.3d 457, 461–63 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762,

765 (E.D. Mich. 2002); *Jones v. Woodmen Accident & Life Co.,* 112 F. Supp. 2d 676, 680 (N.D. Ohio 2000)).

In this case, the purpose of the amendment is not to defeat diversity jurisdiction but to join parties who Defendants Clerico and Wolverine Over the Road, LLC allege bear comparative fault in the incident at issue. (*See* Doc. 21, at 1–2.) Additionally, all Defendants agree to the proposed joinder. (Doc. 22.) Therefore, joinder is fair and equitable under the circumstances. Accordingly, Plaintiff's motion to amend is **GRANTED**. As required by 28 U.S.C. § 1447(e), this case is **REMANDED** to Campbell County Circuit Court, the state court from which the case was removed.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**